HULL, J.,
Concurring and Dissenting. — I concur in the majority’s holding that (1) the trial court erred in granting the preliminary injunction because the court did so without a trial on the merits, and (2) the standard of “reason to believe” as set forth in Code of Civil Procedure section 1571, subdivision (a) means specific articulable facts that would justify a belief by a reasonable person, knowledgeable in the field of unclaimed property, that an entity was not reporting property as the Unclaimed Property Law (UPL) requires.
As to the majority’s final holding, that “if the Controller proves, at trial on the merits, the significant facts underlying its preliminary injunction request, the Controller will have met this ‘reason to believe’ standard with respect to examining the records of American National’s in-force policies,” we part company and I dissent. (Maj. opn., ante, at p. 462.)
In my view, once we have determined the trial court has erred and we return the matter to the trial court for an evidentiary hearing on the merits, the appropriate course is to allow the trial court to conduct the necessary hearing with the opportunity for the parties to present relevant evidence and then for the trial court to determine, in the first instance, whether the Controller has proven that there is reason to believe that appellant has not reported property as the UPL requires. This court cannot know, at this juncture, the scope of the evidence to be presented by the parties in the trial court on both sides of the question and cannot know the credibility of that evidence. It may be that, on a full evidentiary hearing on the matter, the “significant facts” underlying the preliminary injunction request are not the whole story on the issue of “reason to believe.”
*464 While I recognize that the majority’s holding on this point appears to be that, if the Controller proves up the significant facts underlying the Controller’s preliminary injunction request with credible evidence, the Controller should prevail, it seems to me the outcome of that hearing is preordained by this court. The majority opinion can be read to say that, upon the presentation of certain facts, there should be a certain outcome, that is, a finding of “reason to believe.” It appears to leave no room for the trial court, upon a fuller consideration of all of the relevant evidence on the point, to decide in the first instance whether that evidence establishes the necessary “reason to believe” under the standard we have articulated in this decision.
By taking this final step, the majority gives with one hand and takes away with the other. It agrees with appellant that the court erred and that the matter must be remanded for a full evidentiary hearing in the trial court, but then says, in my view, if the Controller presents the very same evidence on remand that it did in support of the Controller’s preliminary injunction request, the Controller shall prevail. Appellant’s opportunity to prove, based on evidence that this court does not now know, that there is no reason to believe that appellant is not fulfilling its responsibilities under the UPL seems, at best, evanescent.
While I agree that the law requires a full evidentiary hearing in the trial court, one must wonder about its practical necessity when this court, in effect, predicts its outcome.
And, while I appreciate that the majority has noted that its reference to evidence sufficient to constitute a “reason to believe” appellant is in violation of the UPL is “simply meant to illustrate one way in which our ‘reason to believe’ standard may be satisfied” and is not meant to “circumscribe ... the evidence that may be presented at trial” (maj. opn., ante, at p. 462, fn. 7), that should be of little comfort to appellant once this court has said, in effect, that if the Controller proves up later what the Controller proved up before, the Controller shall win.
I do not know what evidence may be presented in the trial court that would lead to a different result. But that is the point. While I cannot know that, neither can the majority.
In effect, the majority’s holding today takes away the trial court’s discretion to decide whether there is reason to believe appellant is violating the UPL if, in the trial court’s view, the very same evidence does not constitute a reason to believe there is a violation under the standard we state today.
I would let this matter hereafter follow the normal procedural course. It should be remanded to the trial court for a full evidentiary hearing. The trial *465 court should consider the evidence, giving it what credibility it deserves, thus deciding the facts and then deciding whether those facts constitute a reason to believe appellant is violating the UPL under the standard we set today. If one of the parties disagrees with that determination, it is free to return the matter to us on appeal for our review.